### COHN v. DECCA DISTRIBUTING CORPORATION.

### Civ. A. No. 2471.

District Court, E. D. Pennsylvania.

May 4, 1943.

Harry Shapiro, of Philadelphia, Pa., for plaintiff.

Owen B. Rhoads, of Philadelphia, Pa., for defendant.

KALODNER, District Judge.

Upon consideration of the bill of complaint as amended and answer thereto, and after hearing the testimony of witnesses and argument of counsel, I make the following findings of fact:

1. Defendant is a New York corporation having its principal place of business at 621 West 54th Street, New York, N. Y. It is engaged in interstate commerce in various parts of the United States in the business of manufacturing, buying, selling and distributing phonograph records and phonograph and record accessories. It has an agent and transacts business in the Eastern District of 'Pennsylvania, and has an office in said District and State at 1926 Arch Street, Philadelphia, Pa., which sells and distributes said products in eastern Pennsylvania, Delaware, southern New Jersey and eastern Maryland.

2. Defendant hired plaintiff as a clerk in its Philadelphia branch office on or about October, 1938. On or about June, 1939, plaintiff was given the title of "assistant manager".

3. During the six months' period next prior to May 6, 1940, plaintiff was paid a regular weekly salary of $25 and overtime compensation at the rate of one and one-half times his regular rate. During the period just prior to May 6, 1940, plaintiff was working approximately fourteen hours per week overtime and receiving an average weekly overtime compensation of approximately $12, making a total salary of approximately $37 a week.

4. On May 6, 1940, defendant through its agent, the manager of said branch office, informed plaintiff that he would be given the title of "assistant manager", the right to recommend the hiring and firing of subordinate employees, and his salary raised to $30 a week, but that he would thereafter receive no compensation for overtime work. Plaintiff was informed, however, that his duties after May 6, 1940, would be precisely the same as those performed by him prior to said date excepting, however, that since subordinate employees, but not plaintiff, received overtime compensation, plaintiff would be expected to get in earlier, work later, and generally do all possible overtime work in order that nonexempt employees would perform as little overtime work as possible.

5. Plaintiff's duties both prior to and after May 6, 1940, were as follows: He would open the mail containing orders each

morning, segregate the orders and distribute them to the proper departments. He would then wait on trade behind the counter in the office; help make up orders; select records from stock; receive and unpack deliveries; pack and ship outgoing merchandise, and do odd miscellaneous clerical work which was necessary in the operation of the office. Generally speaking, plaintiff acted as assistant to all subordinate employees in the office, helped them and each of them with their work, and performed all of the extra work which was part of the duties of each of said subordinate employees but which they were too busy or had no time to perform.

6. Plaintiff's average work week after May 6, 1940, was approximately 65 hours; of these hours, not more than six in each week were occupied in performing executive duties and approximately 60 of said hours were occupied in performing work of the same nature as that performed by nonexempt employees. The average work week of the nonexempt and subordinate employees was approximately 50 hours per week.

7. On November 22, 1941, defendant dismissed plaintiff from its employ.

8. All and each of plaintiff's duties and activities hereinabove recited were in interstate commerce and directly affected the sale, distribution and flow of merchandise in interstate commerce.

9. During the period beginning May 6, 1940, and ending November 22, 1941, defendant employed plaintiff in interstate commerce as aforesaid for work weeks longer than the applicable maximum number of hours under Section 7 of the Fair Labor Standards Act, 29 U.S.C.A. § 207, and failed and refused to compensate him for such employment in excess of such applicable maximum in such work weeks.

10. The plaintiff was paid a weekly salary of $30 per week commencing May 6, 1940, until January 4, 1941, and a weekly salary of $35 from January 6, 1941, to November 22, 1941, when his employment was terminated.

11. Plaintiff worked the respective number of hours per week, from May 6, 1940, to November 22, 1941, including 2,062¾ hours overtime, as set forth in the schedule appended hereto and designated as "Schedule A".

12. Plaintiff received no compensation whatsoever for any of the excess 2,062¾ hours.

## Discussion

Plaintiff has brought this action against the defendant to recover unpaid overtime compensation, liquidated damages, and counsel fee, under the Fair Labor Standards Act of 1938, Act of June 25, 1938, c. 676, 52 Stat. 1060, 29 U.S.C.A. §§ 201–219.

Section 7(a) of the Act, 29 U.S.C.A. § 207(a), provides as follows:

"Sec. 7. (a) No employer shall, except as otherwise provided in this section, employ any of his employees who is engaged in commerce or in the production of goods for commerce—

"(1) for a workweek longer than forty-four hours during the first year from the effective date of this section,

"(2) for a workweek longer than forty-two hours during the second year from such date, or

"(3) for a workweek longer than forty hours after the expiration of the second year from such date,

unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

Section 16(b) of the Act, 29 U.S.C.A. § 216(b), provides as follows: "(b) Any employer who violates the provisions of section 6 or section 7 of this Act shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Action to recover such liability may be maintained in any court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated, or such employee or employees may designate an agent or representative to maintain such action for and in behalf of all employees similarly situated. The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

The defendant contends that the plaintiff was an executive, and as such comes within the provisions of Section 13(a) of the Act, 29 U.S.C.A. § 213(a), which provides in part: "Sec. 13. (a) The provisions of sections 6 and 7 shall not apply with respect to (1) any employee employed in a bona fide executive, administrative, professional,

or local retailing capacity, or in the capacity of outside salesman (as such terms are defined and delimited by regulations of the Administrator) ; * * *."

Under the Administrator's rules and regulations implementing the Fair Labor Standards Act, 29 U.S.C.A.Appendix, § 541.1, an employee employed in a bona fide executive capacity is defined as follows:

"The term 'employee employed in a bona fide executive * * * capacity' in section 13(a) (1) of the Act shall mean any employee

"(a) whose primary duty consists of the management of the establishment in which he is employed or of a customarily recognized department or subdivision thereof, and

"(b) who customarily and regularly directs the work of other employees therein, and

"(c) who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring or firing and as to the advancement and promotion or any other change of status of other employees will be given particular weight, and

"(d) who customarily and regularly exercises discretionary powers, and

"(e) who is compensated for his services on a salary basis at not less than $30 per week (exclusive of board, lodging, or other facilities), and

"(f) whose hours of work of the same nature as that performed by nonexempt employees do not exceed 20 percent of the number of hours worked in the workweek by the nonexempt employees under his direction; Provided, That this paragraph shall not apply in the case of an employee who is in sole charge of an independent establishment or a physically separated branch establishment."

█ My Findings of Fact dispose of the factual issues raised. I am convinced that the plaintiff was given the empty title of "assistant manager" to circumvent the provisions of the Fair Labor Standards Act. In fact, Harry C. Kruse, the defendant's district manager, who testified in behalf of the defendant, admitted (N.T. p. 160) that there was no executive pay roll, and that the title of "assistant manager" was given to the plaintiff because "It sounded important" (N.T. p. 160), and further that the nature of plaintiff's duties did not change after the acquisition of the title.

█ Furthermore, the burden of proving that an employee is an executive—and therefore exempt from the overtime provisions of the Act—rests upon the employer. Bowie v. Gonzalez, 1 Cir., 117 F.2d 11; Fleming v. Hawkeye Pearl Button Co., 8 Cir., 113 F.2d 52; Schneider v. Sports Vogue, Inc., —— Misc. ——, 35 N.Y.S.2d 341. Not only did the defendant fail to meet this burden, but on the contrary the evidence was ample to uphold the plaintiff's contention.

█ It remains only to determine the measure of damages. It has been decided by the United States Supreme Court that where the employment contract is for a fixed weekly wage and variable or fluctuating hours of work, the "regular rate" per diem, in the statutory sense, for any particular week, is the quotient of the amount paid per week divided by the number of hours worked in that week. Walling v. Belo Corp., 316 U.S. 624, 62 S.Ct. 1223, 86 L.Ed. 1716; Overnight Motor Co. v. Missel, 316 U.S. 572, 62 S.Ct. 1216, 86 L.Ed. 1682.

[4] "Schedule A" contains an analysis of the overtime and the compensation therefor as computed in accordance with the cited Supreme Court decisions, and the amount to which the plaintiff would be entitled, to wit, $1,502.30.

I therefore state the following conclusions of law

1. During the entire period of plaintiff's employment by defendant, plaintiff was not an exempt employee of defendant within the scope or meaning of Section 13 of the Fair Labor Standards Act; and the provisions of Sections 6 and 7 of said Act were applicable at all times to plaintiff's employment.

2. During the period beginning May 6, 1940, and ending November 22, 1941, defendant employed plaintiff in interstate commerce as aforesaid for work weeks longer than the applicable maximum number of hours under Section 7 of the Act, and failed and refused to compensate him for such employment.

3. During the period from May 6, 1940, to November 22, 1941, plaintiff worked an excess of 2,062¾ hours for which he was entitled to receive, but did not receive, overtime compensation in the sum of $1,502.30.

█ 4. Plaintiff is entitled to receive from defendant, and defendant shall pay to

274

plaintiff, in accordance with the provisions of Section 16 of the Act: (a) overtime compensation in the amount of $1,502.30; (b) an additional equal amount as liquidated damages, and (c) an attorney's fee in the sum of $500. Defendant shall also pay the costs of the action.

An order for judgment may be submitted in accordance with this opinion.