## CLAY v. MOTOR FREIGHT EXPRESS, Inc.
### Civ. A. No. 2983.

District Court, E. D. Pennsylvania.

Dec. 9, 1943.

John M. Smith, Jr., of Philadelphia, Pa., for plaintiff.

James J. Leyden and Bernard G. Segal, for Schnader & Lewis, both of Philadelphia, Pa., for defendant.

KALODNER, District Judge.

This is a suit for overtime compensation brought under the provisions of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq., as amended, and tried before me without a jury.

The defendant, as indicated by its name, was engaged in the transportation business, and the plaintiff was employed by it as a rate clerk.

The defendant admittedly engaged in interstate commerce and the plaintiff's duties were admittedly such that he was engaged in interstate commerce.

Only two factual questions are in dispute. First, the provisions of the contract under which the plaintiff was first employed; and, second, whether or not upon a date during the employment a new contract of employment was entered into upon different terms as to hours and wages.

The plaintiff's employment commenced on February 21, 1941, and ended September 16, 1941.

The plaintiff testified that he was originally engaged at a salary of $35 per week for a fifty-hour week, with overtime at the rate of time and a half for any hours worked in excess of 50 hours; and that he entered into this arrangement with Mr. Matthews, the District Manager of the defendant.

Matthews, however, testified upon this score that there was no agreement for payment for overtime, nor for a fifty-hour week; but the agreement was that the plaintiff would receive $35 a week no matter how many hours he worked.

It developed during the course of the testimony that until a change was made in the employment contract on May 26, 1941, the plaintiff regularly received his pay check in the amount of $35 (less deductions for Social Security Taxes and Philadelphia Income Tax) and never complained about the defendant's alleged failure to compensate him for overtime beyond fifty hours per week.

Notwithstanding, the plaintiff testified that he had each week turned in a report of the hours worked to his superior, and that that report showed that he worked well in excess of fifty hours each week.

It seems unlikely to me that the plaintiff would have remained silent if the verbal employment agreement had called for overtime beyond fifty hours per week, and the defendant (employer), beginning with the very first week, had consistently failed to pay such overtime. On this phase of the case, I credit the defendant's version of the agreement, and shall find that the employment was at the rate of $35 per week without any agreement for overtime compensation.

The other disputed phase of the case relates to the alleged new contract of hire of May 26, 1941. Matthews testified for the defendant that on May 26, 1941, he had a conversation with the plaintiff in which he advised him that henceforth the basis upon which the plaintiff was to be paid would be as follows: the plaintiff would receive 35¢ per hour for the first forty hours worked each week; 53¢ for each hour in excess of forty (i. e. time and a half for overtime), with a guaranteed minimum of $35 per week. Matthews testified that he arrived at these figures by ascertaining that up to that time, the plaintiff had worked about eighty hours per week; whereupon he so sub-divided the eighty hours and straight pay and overtime pay that the result would be, on the one hand, that the plaintiff would still receive $35 a week, but that the provisions of the Fair Labor Standards Act, with respect to time and a half for all hours in excess of forty hours per week, would be complied with.

The plaintiff denied that Mr. Matthews had told him what has just been related, but the plaintiff did admit that he had initialed a letter received by Matthews from his superiors in the defendant company, and shown to him (the plaintiff) by Matthews.

The letter reads as follows:

"Motor Freight Express, Inc.
Inter-Office Correspondence

Office      York, Penna.
Date      May 23, 1941.

Mr. J. H. Matthews,
Philadelphia.

Dear Mr. Matthews:

In the future, please show the hours worked by E. Clay, the rate of pay, and the overtime pay; also the hours for the watchman and any other employee who is not directly connected with the handling of freight, supervision thereof, or chauffeuring. If only the salary is shown, it is taken for granted that is the salary for 40 hours and if the employee so desires, he may claim for time and one-half for all in excess of the 40-hour period. Even though the employee does not wish to make such claim, the Government may make this claim on behalf of the employee. Therefore it is of the utmost importance that your payroll sheet conform to this schedule in every detail. At the present time, I do not know if Mr. Keyser is doing any clerical work or not, but if he is doing any office detail he will also come under the Wage and Hour Law and hours must be shown for the time worked and the rate of

pay on which he is based. If there is any question whatsoever, please contact me at once as this must be made out properly next week.

Very truly yours,
s/ W. C. Keckley
W. C. Keckley
WCK/mcw"
(written in red pencil) Mr. Matthews
Noted—
EJC
5/26/41.

From May 27th on (this is not disputed) the defendant company kept records of the plaintiff's straight time and overtime hours of work, and to his weekly pay checks were attached vouchers showing the breakdown between straight time and overtime compensation.

■ The fact that the plaintiff initialed the letter of May 23d and that from May 27th on, the vouchers showing the breakdown in hours were attached to the plaintiff's pay checks, convinces me that there was a change in the employment contract between the parties such as was testified to by Mr. Matthews.

■ Omitting from consideration the contention of the defendant that the plaintiff was an executive employee, and therefore exempt from the overtime pay provisions of the Act (the defendant abandoned this position in its brief), it appears evident that the plaintiff was denied overtime pay from February 26, 1941 to May 27, 1941, and is entitled to recover overtime compensation for that period (during which, as the testimony shows, he worked a fluctuating work week) under the standards set down in Overnight Motor Transp. Co. v. Missel, 316 U.S. 572, 62 S.Ct. 1216, 86 L.Ed. 1682, and Cohn v. Decca Distributing Corp., D.C., 50 F.Supp. 270.

■ There remains for consideration the question whether the plaintiff is entitled to any recovery for the period from May 27, 1941, to September 16, 1941, when the employment ended.

I conclude that the plaintiff is not entitled to any recovery for this period. The rate of pay per hour was not less than the minimum, nor the straight time hours in excess of the maximum, fixed in the Act.

■ During this period, the plaintiff received time and a half for overtime beyond forty hours and was paid in accordance with the arrangement testified to by Matthews. I have no doubt that the purpose of the arrangement was to permit the defendant to comply with the minimum wages, maximum hours and overtime compensation provisions of the Act, without increasing plaintiff's total weekly compensation; "But nothing in the Act bars an employer from contracting with his employees to pay them the same wages that they received previously, so long as the new rate equals or exceeds the minimum required by the Act". Walling v. A. H. Belo Corp., 316 U.S. 624, 630, 62 S.Ct. 1223, 1226, 86 L.Ed. 1716.

Upon consideration of the Bill of Complaint as amended and Answer thereto, and after hearing the testimony of the witnesses and arguments of counsel, I make the following findings of fact:

1. The defendant, Motor Freight Express, Inc., is a common carrier engaged in the transportation of goods in intrastate and interstate commerce by motor truck.

2. The plaintiff, E. J. Clay, was in the employ of the defendant at its Philadelphia office and terminal from February 21, 1941, to September 16, 1941, in the capacity of rate clerk.

3. The plaintiff's duties were such that he was engaged in interstate commerce.

4. During the time plaintiff was in the employ of defendant, he worked a varying number of hours each week, ranging from 53½ to 78¼ hours per week.

5. On February 21, 1941, plaintiff and defendant entered into an oral contract of employment under the provisions of which plaintiff agreed to work for the defendant at a weekly wage of $35 and a fluctuating work week, and this agreement remained in force until May 26, 1941.

6. During the period from February 22, 1941 to May 27, 1941, the plaintiff received $35 each week and worked overtime without receiving overtime pay therefor.

7. On May 26, 1941, plaintiff entered with defendant into a new agreement of employment under the provisions of which plaintiff was to receive 35¢ per hour for the first forty hours of work, 53¢ per hour for each hour over forty, with a guaranteed minimum of $35 per week. This arrangement was adhered to by the parties and the plaintiff received payment on the said basis until the end of his employment on September 16, 1941.

8. The following schedule shows the amount of hours worked each week by the

plaintiff for the period ending May 26, 1941, the fluctuating rate of pay for each week, and the overtime compensation to which the plaintiff is entitled:

tered into between him and defendant on May 26, 1941, providing that plaintiff should thereafter be paid at the rate of 35¢ per hour for the first forty hours of work,

## Schedule "A"

| Week of | Rec'd | | Hours Worked | | Reg. rate per hour | For 40 hrs | Over time | Total | Less Rec'd | Balance |
|---|---|---|---|---|---|---|---|---|---|---|
| 2/26–3/4/41 | 35.00 | ÷ | 78¼ | = | .447 | 17.90 | 25.65 | 43.55 | 35.00 | 8.55 |
| 3/5 –3/11 | 35.00 | " | 73¾ | " | .474 | 18.98 | 24.03 | 43.01 | 35.00 | 8.01 |
| 3/12–3/18 | 35.00 | " | 76¾ | " | .456 | 18.24 | 25.14 | 43.38 | 35.00 | 8.38 |
| 3/19–3/25 | 35.00 | " | 72¼ | " | .484 | 19.38 | 23.43 | 42.81 | 35.00 | 7.81 |
| 3/26–4/1 | 35.00 | " | 68½ | " | .511 | 20.44 | 21.84 | 42.28 | 35.00 | 7.28 |
| 4/2 –4/8 | 35.00 | " | 72¾ | " | .481 | 19.24 | 23.64 | 42.88 | 35.00 | 7.88 |
| 4/9 –4/15 | 35.00 | " | 76½ | " | .457 | 18.30 | 25.05 | 43.35 | 35.00 | 8.35 |
| 4/16–4/22 | 35.00 | " | 69½ | " | .504 | 20.15 | 22.28 | 42.43 | 35.00 | 7.43 |
| 4/23–4/29 | 35.00 | " | 71¾ | " | .488 | 19.51 | 23.24 | 42.75 | 35.00 | 7.75 |
| 4/30–5/6 | 35.00 | " | 71¾ | " | .488 | 19.51 | 23.24 | 42.75 | 35.00 | 7.75 |
| 5/7 –5/13 | 35.00 | " | 77¼ | " | .453 | 18.12 | 25.32 | 43.44 | 35.00 | 8.44 |
| 5/14–5/20 | 35.00 | " | 75 | " | .46⅔ | 18.67 | 24.50 | 43.17 | 35.00 | 8.17 |
| 5/21–5/27 | 35.00 | " | 71 | " | .493 | 19.72 | 22.92 | 42.64 | 35.00 | 7.64 |

Total $103.44

I state the following conclusions of law:

1. Plaintiff's duties were such that he was engaged in interstate commerce within the meaning of that term as used in the Fair Labor Standards Act.

2. From February 21, 1941, until the week ending May 27, 1941, plaintiff was not paid in accordance with the provisions of the Fair Labor Standards Act and the appropriate regulations of the Wage and Hour Administrator.

3. Accordingly, between February 26, 1941 (the date from which plaintiff makes claim) and May 27, 1941, plaintiff should have received each week a sum computed as follows:

Each week, the fixed weekly wage of $35 should have been divided by the hours worked that week, thus determining the regular hourly rate for that week; the regular hourly rate should then have been paid for the first forty hours and time and a half the regular rate for the hours worked in excess of forty. Thus during the period from February 26, 1941 to May 27, 1941, plaintiff worked an excess of 435 hours for which he was entitled to receive, but did not receive, overtime compensation in the sum of $103.44 as shown by the calculations on the Schedule following the eighth Finding of Fact.

4. After May 27, 1941, plaintiff was compensated pursuant to the contract en-

53¢ per hour for each hour over forty, with a guaranteed minimum of $35 per week.

5. This contract of May 26, 1941, between plaintiff and defendant pursuant to which plaintiff was paid at the rate of 35¢ per hour for the first forty hours, 53¢ per hour for each hour over forty, with a guaranteed minimum of $35 per week after May 27, 1941, complied with the requirement of Section 7(a) of the Fair Labor Standards Act, in that he was paid a straight-time hourly rate for the first forty hours of work, time and one-half that rate for the hours over forty, with a guaranteed minimum of $35 per week.

6. Plaintiff is not entitled to recovery for the period from May 27, 1941 to September 16, 1941 since he admittedly did not work in excess of eighty hours a week.

7. In addition, plaintiff is entitled to receive from defendant, and defendant shall pay to plaintiff in accordance with the provisions of Section 16 of the Act, (a) overtime compensation in the sum of $103.-44 as set forth in Conclusion of Law No. 3; (b) an additional equal amount as liquidated damages; and (c) attorneys fees in the sum of $75; a total of $281.88. Defendant shall also pay the cost of the action.

An order for judgment may be submitted in accordance with this opinion.